MICHAEL S. BRANDNER, JR.

VERSUS

KATHLEEN A. BRANDNER

NO. 22-C-486

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

_____ October 06, 2022 _____

Linda Wiseman
First Deputy Clerk

**IN RE** KATHLEEN A. BRANDNER

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 819-038 C/W 830-976

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Hans J. Liljeberg

**WRIT GRANTED**

In this domestic matter, relator, Kathleen A. Brandner, seeks this Court's supervisory review of the trial court's denial of her Motion to Recuse.  For the reasons that follow, we grant this writ application, vacate the trial court's ruling, and remand the matter for the trial court to either recuse herself or to make a written request to the Supreme Court for the appointment of an ad hoc judge as provided in La. C.C.P. arts. 154 and 155.

On October 4, 2022, at 3:33 p.m., relator filed her Motion to Recuse the trial judge alleging that she had engaged in an ongoing pattern of conduct that exhibited bias against relator.  On October 5, 2022, the trial court denied the motion to recuse finding that it was untimely filed pursuant to La. C.C.P. art. 154(A).  On October 5, 2022, at 1:18 p.m., after the trial court had begun hearings on incidental matters in the case, relator filed her writ application with this Court seeking

expedited review of the denial of her Motion to Recuse.  In her writ application, relator contends that the trial court erred in finding her motion to be untimely, and therefore further erred in not making a written request to the Supreme Court for the appointment of an ad hoc judge as provided in Article 155.

Louisiana Code of Civil Procedure article 154 provides:

> A. A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusal under Article 151. This motion shall be filed no later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases prior to the scheduling of the matter for trial. In the event that the facts constituting the ground upon which the motion to recuse is based occur after the matter is scheduled for trial or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after such facts occur or are discovered.

> B. If the motion to recuse sets forth a ground for recusal under Article 151, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or make a written request to the supreme court for the appointment of an ad hoc judge as provided in Article 155.

> C. If the motion to recuse is not timely filed in accordance with Paragraph A of this Article or fails to set forth a ground for recusal under Article 151, the judge may deny the motion without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial.

In this case, the trial court, finding the Motion to Recuse to be untimely pursuant to Paragraph A, denied the motion on the procedural grounds of untimeliness without the appointment of an ad hoc judge or a hearing, and provided written reasons for her ruling pursuant to Paragraph C.

Paragraph A of La. C.C.P. art. 154, regarding the time frame for filing a Motion to Recuse, provides a general rule that the "motion shall be filed no later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases prior to the scheduling of the matter for trial." Paragraph A also provides an exception to this general rule in circumstances in which the grounds for recusal occur after the matter is "scheduled for trial,"

2

providing that "[i]n the event that the facts constituting the ground upon which the motion to recuse is based occur after the matter is scheduled for trial …, the motion to recuse shall be filed immediately after such facts occur or are discovered."

It is clear from the trial judge's written reasons for judgment, in which she points out that the hearings on three different motions to disqualify various attorneys are scheduled for that day, October 5, 2022, the day after the Motion to Recuse was filed, and that she had scheduled the October 5 hearings on August 23, 26 and 31, that she found the Motion to Recuse untimely under the exception to Article 154(A) because it was filed after the October 5, 2022 hearings had already been scheduled. Implicit in her ruling is that, under the exception, the motion was not filed "immediately after" the facts constituting the ground for recusal occurred or were discovered.

We are therefore called upon to determine whether in the circumstance that a *hearing* is scheduled on miscellaneous matters incidental to the litigation at the time that a Motion to Recuse is filed, the "scheduled for trial" language of Article 154(A) applies and therefore renders the "immediately after" occurrence or discovery time-bar of the exception applicable to the issue of timeliness.

Prior to its amendment in 2021, Article 154, in establishing a time-bar for the filing of a Motion to Recuse, provided that the motion " … shall be filed prior to trial or hearing …," suggesting that the Legislature recognized that "trial" and "hearing" are not interchangeable terms. In the 2021 amendment to Article 154, the Legislature chose to eliminate the word "hearing" and establish an exception to the time-bar only when the matter is "scheduled for *trial*" (emphasis added). We presume this to be a considered, intentional change by the Legislature. We therefore interpret this language to refer to a trial of the merits of the substantive claims and causes of actions made in the litigation, not *hearings* on miscellaneous,

3

incidental motions that frequently arise in the course of litigation. Consequently, we conclude that the trial court erred in applying the exception in Article 154(A) to relator's Motion to Recuse.[1]

Based upon our review of the application presented, we find that the motion to recuse at issue was timely filed setting forth alleged recent acts of bias by the trial court which fall within the time limitation of La. C.C.P. art. 154(A). This Court, in *McDevitt v. Salisbury*, 22-C-442 (La. App. 5 Cir. 9/20/22) (unpublished writ disposition), reached the same result under circumstances where an ongoing pattern of conduct was alleged.[2] Thus we find that the trial judge erred in denying the motion to recuse as untimely.

Accordingly, we grant the relator's writ, vacate the trial court's ruling, and remand the matter for the trial court to either recuse herself or to make a written request to the Supreme Court for the appointment of an ad hoc judge as provided in La. C.C.P. arts. 154 and 155. In all other respects, relief is denied.

Gretna, Louisiana, this 6th day of October, 2022.

**RAC**
**FHW**
**HJL**

---

[1] We are well-aware that the rationale for the "immediately after" time-bar is to disallow a Motion to Recuse filed at the eleventh-hour to serve as a substitute means to obtain an otherwise denied continuance or stay of a matter set for trial. We further recognize the delay and justifiable frustration that occurs when an eleventh-hour Motion to Recuse necessitates the continuance of a hearing on motions incidental to the litigation. We thus strenuously would admonish attorneys to avoid such last-minute Motions to Recuse and caution that any attorney who develops a pattern of such filings runs the serious risk of violating various canons of the Code of Professional Conduct.

[2] While we are not impressed by relator's excuses for waiting from September 14 until October 4 to file her motion, we nonetheless recognize that it was filed within thirty days of her latest alleged discovery of conduct which she claims as grounds for recusal.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/06/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-486**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
Jeffrey M. Hoffman (Relator)

### MAILED

Michael S. Brandner, Jr. (Respondent)
Attorney at Law
3621 Veterans Memorial Boulevard
Metairie, LA 70002